**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

PETER KELLY,

                       Plaintiff,              Civil Action No.: 22 Civ.

-against-

COMMUNICATIONS WORKERS OF AMERICA,
AFL-CIO and VERIZON NEW YORK INC.,      **Complaint and Jury Demand**

                     Defendants.

-------------------------------------------------------------------X

       Plaintiff, Peter Kelly, by and through his attorney, Corey Stark PLLC, complains of Defendants and respectfully sets forth to the Court as follows:

## NATURE OF THE ACTION

       1.    This is an action to recover damages for Defendants' unlawful discrimination against Plaintiff in violation of the National Labor Relations Act (the "Act"). This action also arises out of the breach by Plaintiff's union, Defendant Communications Workers of America, AFL-CIO (the "Union"), of the duty to provide fair representation, and of the breach by Plaintiff's employer, Defendant Verizon New York Inc. ("Verizon"), of the collective bargaining agreement.

## JURISDICTION

       2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 29 U.S.C. Section 185.

## VENUE

3. Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. Section 1391, because the Southern District of New York is the judicial district in the state in which the unlawful conduct is alleged to have been committed.

## PARTIES

4. Plaintiff was and still is a resident of the State of New York and the County of Westchester.

5. Verizon hired Plaintiff in February 2000 as a Field Technician.

6. Verizon is a corporation organized under and existing pursuant to the laws of the State of New York which maintains a principal place of business within the City, County, and State of New York.

7. Verizon is an employer engaged in commerce within the meaning of the Act.

8. The Union is a labor organization within the meaning of the Act.

9. The Union's conduct affects commerce within the meaning of the Act.

10. At all times relevant herein Plaintiff was a Union member.

11. The Union is, and at all times relevant herein has been, the sole and exclusive bargaining agent of all Field Technicians employed by Verizon.

12. Verizon and the Union are parties to a collective bargaining agreement (the "CBA") that governs the terms and conditions of Union members' employment.

13. The CBA provides that Plaintiff could be terminated from his employment only for cause.

14. The CBA includes a grievance and arbitration procedure which provides the exclusive means of enforcing the terms and conditions of the CBA.

15. This action arises out of Defendants' wrongful, illegal, and tortious conduct within the State of New York.

## BACKGROUND OF PLAINTIFF'S EMPLOYMENT

16. Plaintiff commenced his employment by Verizon on February 21, 2000.

17. At all times relevant herein Plaintiff's productivity numbers met and exceeded Verizon's reasonable expectations.

18. At all times relevant herein Plaintiff's realization numbers for customer satisfaction met and exceeded Verizon's reasonable expectations.

19. Upon information and belief customer satisfaction surveys for Plaintiff were above average and exceeded Verizon's reasonable expectations.

20. In 2005, 2010, 2015, and 2020 Verizon recognized Plaintiff for having provided excellent service for five, ten, fifteen, and twenty years, respectively.

21. Throughout his lengthy employment by Verizon Plaintiff was never disciplined for any reason.

22. At all times during the course of his employment by Verizon Plaintiff performed his services competently, faithfully, diligently, and in an outstanding manner.

23. Despite his lengthy tenure and excellent service, on May 19, 2021, Verizon terminated Plaintiff's employment without cause.

## DISCRIMINATION

24. Plaintiff is Caucasian.

25. On April 6, 2021, when working in the field, not on Verizon property, and during his lunch break, and while sitting on a park bench, Plaintiff took a personal call. During this call, Plaintiff and his interlocutor discussed the news that rapper DMX had

been hospitalized. In discussing DMX's music Plaintiff used the word "nigga," which is a word commonly used by the artist himself in his lyrics.[1] Unbeknownst to Plaintiff, he had inadvertently answered a call on his company cellular phone, and a Verizon employee who listened to his private call for approximately forty-five seconds overheard him use the word "nigga."

26. Despite the fact that Plaintiff was in the field and on his lunch break, on April 23, 2021, Verizon suspended Plaintiff pending an investigation for discrimination and harassment.

27. On May 10, 2021, Plaintiff was placed on a ten-day suspension pending dismissal and was informed that he would be officially terminated by Verizon effective May 19, 2021, for violating Verizon's discrimination and harassment policy, whose purpose was maintaining a respectful, safe, and professional work place and a work environment free from abusive behavior.

28. Verizon claims that it has a zero-tolerance policy when it comes to discrimination and harassment and maintaining a respectful, safe, and professional work place and a work environment free from abusive behavior.

29. Despite this alleged zero-tolerance policy, certain employees routinely use words like "bitch," "cunt," nigger," "nigga," and "spic" in the workplace.

30. Such language is used in the presence of management-level employees, yet when it is used by a female employee, an African American employee, and/or a Hispanic employee, none is reprimanded or disciplined in any way.

---

[1] As well as in the lyrics of numerous other rap artists.

31. Verizon permits other employees to avoid punishment as well, such as one employee who threw a bucket at a manager and was never disciplined for it.

32. Verizon allowed another employee to escape meaningful discipline after having thrown tools and supplies down a manhole at other employees.

33. Verizon tolerated another employee's road-rage incident which ended in the employee exiting his Verizon vehicle and denting another motorist's vehicle with his fists.

34. Verizon excused another incident in which an employee operating a company vehicle while under the influence of alcohol caused a motor vehicle accident.

35. Verizon permitted yet another employee to call a fellow employee a "bitch," and still another to call a fellow employee a "nigger," neither of whom received any meaningful discipline.

36. Verizon has also employed and/or sponsored the likes of Akon, TheHxliday, Whale, and Dave Chappelle, artists who regularly use the word "nigga."

37. Verizon operates under a double standard, as it permits and even encourages, through inaction, African-American employees to use the word "nigga" freely on company time and on company property, whereas it terminated the employment of Plaintiff for innocently uttering the exact same word, not as the expression of his own thoughts but in quoting another person during a personal call, while on break, and when he was not on company property.

38. Forasmuch as Verizon repeatedly tolerates the utterance of the same and similar words by other employees, even when spoken as a personal expression and not in quoting others, no cause existed to terminate Plaintiff's employment.

39. Plaintiff grieved the termination of his employment.

39. Union officials understood that Verizon's termination of Plaintiff's employment was without cause.

40. Nevertheless, the Union refused to take Plaintiff's meritorious grievance to arbitration.

41. The Union has turned a blind eye to Verizon's blatant violation of the CBA because Plaintiff is Caucasian and the Union officials believed that it would have a negative effect upon the Union's reputation with its members and employees if it were to enforce the rights of a white man who used the word "nigga."

42. The Union has arbitrated the grievances of the very few African-American employees whom Verizon chose to discipline for using the word "nigger" in the workplace.

43. Plaintiff has appealed the Union's refusal to take his meritorious grievance to arbitration.

44. The Union's final decision to deny Plaintiff's appeal occurred within six months of this filing.

## AS AND FOR A FIRST COUNT

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "44" inclusive with the same force and effect as if fully set forth at length herein.

46. Verizon entered into the CBA covering its employees including Plaintiff.

47. The CBA was in force during the entire period involved herein.

48. The parties have copies of the CBA, and for this reason none is attached to this Complaint.

49. The CBA is for the benefit of Plaintiff, and he is entitled to the benefits of the CBA and to enforce its provisions.

6

50. In contravention of the terms of the CBA, Verizon terminated Plaintiff's employment without having cause.

51. Verizon unlawfully breached the CBA by terminating Plaintiff's employment without cause.

52. As a direct and proximate result of Verizon's breach of the CBA, Plaintiff has also sustained significant damages.

## AS AND FOR A SECOND COUNT

53. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "44" inclusive with the same force and effect as if fully set forth at length herein.

54. Plaintiff requested that the Union cure Verizon's violation of the CBA.

55. The Union refused Plaintiff's requests.

56. The Union had a duty to address and correct the transparent breach of the CBA.

57. The Union unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his race. By reason thereof, the Union violated 29 U.S.C. Section 158(b).

58. As a direct and proximate result of the Union's discriminatory practices, Plaintiff has sustained significant damages.

## AS AND FOR A THIRD COUNT

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "44" inclusive with the same force and effect as if fully set forth at length herein.

60. The Union breached its duty of fair representation owed to Plaintiff.

61. Plaintiff has suffered significant damages as a direct result of the Union's breach of its duty of fair representation.

62. Plaintiff's damages were a direct and proximate result of the Union's breach of its duty of fair representation.

63. By virtue of the conduct complained of herein the Union cannot, as a matter of fact and law, adequately represent Plaintiff with respect to the unlawful termination of his employment.

64. Accordingly, Plaintiff is entitled to bring suit directly against Verizon.

WHEREFORE**,** Plaintiff demands judgment against Defendants as follows:

(a) for all forms of relief recoverable under the statutes sued hereunder including compensatory damages, back pay, and reinstatement;

(b) for an award of statutory attorneys' fees;

(c) for a judicial declaration that the Union, by virtue of its conduct, is precluded from representing Plaintiff's interests, and Plaintiff is therefore entitled to pursue all rights in this Court in his own place and stead;

(d) for an award of pre-judgment interest and costs; and

(e) for such further and additional relief as the Court deems just and proper.

COREY STARK PLLC

By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       December 27, 2022

                                  COREY STARK PLLC

                                  /s/
                                By: Corey Stark (CS-3897)
                                *Attorneys for Plaintiffs*
                                110 East 59th Street, 22nd Floor
                                New York, New York 10022
                                (212) 324-3705