UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER KELLY,<br><br>        Plaintiff,<br><br>   -against-<br><br>COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO and VERIZON NEW YORK, INC.,<br><br>        Defendants. | 22-CV-10923 (JGLC) (SDA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

   These motions for summary judgment were referred to Magistrate Judge Aaron for a Report and Recommendation. *See* ECF No. 5. In the Report and Recommendation filed on July 11, 2025, Magistrate Judge Aaron described the relevant facts and procedural history of the case, and recommended that Plaintiff's motion for summary judgment be denied, the Communication Workers of America, AFL-CIO's (the "Union") motion be granted, and Verizon New York Inc.'s ("Verizon") motion be granted in part and denied in part. *See* ECF No. 141 ("R&R").

   In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the R&R advised the parties that they had fourteen days from service of the R&R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 141 at 24–25. In addition, the R&R expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* at 24. Nevertheless, as of the date of this Order, neither the Union nor Plaintiff have filed objections, and no request for an extension of time to object has been made. Accordingly, the Union and Plaintiff have waived the right to object to the R&R or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Defendant Verizon timely filed objections on July 24, 2025. ECF No. 142. Plaintiff filed an opposition to Verizon's objections on August 21, 2025. ECF No. 145.

Verizon objects to Judge Aaron's recommendation that Verizon's motion for summary judgment be denied with respect to Plaintiff's New York State Human Rights Law ("NYSHRL") claim. ECF No. 142. Specifically, Verizon asserts that a reasonable jury could not find that (1) Plaintiff identified similarly situated employees whom he was treated "less well" than, and (2) there is any admissible evidence that Verizon's decision to terminate Plaintiff's employment was based on race or an inconsistent enforcement of its "zero-tolerance" policy. *Id.* Verizon claims that the R&R should not be adopted based on its internal contradictions and reliance on inadmissible evidence. The Court addresses each argument in turn.

First, the Court finds that Plaintiff has come forward with sufficient evidence that he is similarly situated to his selected comparators. As the R&R states, to establish that an employee is similarly situated to co-employees under NYSHRL, a Plaintiff must demonstrate that they "were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." ECF No. 141 at 22 (quoting *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010)); *Herrnson v. Hoffman*, No. 19-CV-7110 (JPO), 2023 WL 2647603, at *3

2

(S.D.N.Y. Mar. 27, 2023). Plaintiff demonstrates both elements. Plaintiff worked as a Field Technician; Ronald Williams worked as a Telecommunications Technology Associate. *See, e.g.*, ECF No. 123 at 1; ECF No. 86-14. Verizon does not dispute that Plaintiff and Williams were subjected to the same performance evaluation and discipline standards. Plaintiff also posits that both Williams and Plaintiff engaged in comparable conduct: saying a racial slur. *See* ECF No. 86-14 at P000319; ECF No. 86-8 at CWA000006. Accordingly, there is "a reasonably close resemblance of the facts and circumstances" sufficient to find that, for the purposes of summary judgment, Plaintiff and Williams were similarly situated. *Tyson v. Town of Ramapo*, No. 23-1018-CV, 2024 WL 2890395, at *1 (2d Cir. June 10, 2024), *cert. denied sub nom. Tyson v. Town of Ramapo, New York*, 145 S. Ct. 549 (2024) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000)).

Plaintiff further adduces evidence that Plaintiff and Williams were treated differently. Namely, Plaintiff's employment was terminated while Williams was not terminated. *See* ECF No. 123 ¶ 7; ECF No. 92 ¶ 42. Because NYCHRL's provisions are to be construed "broadly in favor of discrimination plaintiffs," and because Plaintiff has presented sufficient evidence at this stage of the litigation that he and his co-comparators were similarly situated, the Court accepts Judge Aaron's finding that there is some evidence from which a reasonable jury could infer discriminatory intent. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (internal citation omitted).

The fact that this evidence was insufficient to support Plaintiff's Section 301/duty of fair representation claim does not render the R&R contradictory. Instead, the standard for the fair representation claim requires proof that the Union's decision was "far outside a wide range of reasonableness as to be irrational." *See Pinkney v. Progressive Home Health Servs.*, 367 F. App'x 210, 212 (2d Cir. 2010) (internal citation and quotation marks omitted). The standard

dictates that judicial review of the Union's decision "must be highly deferential," *Spellacy v. Airline Pilots Ass'n Int'l*, 156 F.3d 120, 126 (2d Cir. 1998) (internal citation omitted), and take into account "the factual and legal landscape at the time of the unions actions." *Hussein v. Sheraton New York Hotel*, 100 F. Supp. 2d 203, 209 (S.D.N.Y. 2000) (quoting *Air Line Pilots Ass'n Int'l v. O'Neill,* 499 U.S. 65, 67 (1991)). On that basis, Judge Aaron reasonably concluded that the fact that the Union decided it could not arbitrate this case notwithstanding this evidence is not far outside the range of reasonableness. R&R at 14–15. Indeed, Judge Aaron noted, in denying summary judgment as to the NYSHRL claim, that it is a "close call." R&R at 23. The Court agrees, and that conclusion does not render the R&R inconsistent.

Instead, in contrast to the Section 301 claim, to establish an inference of discrimination under NYSHRL, a Plaintiff need only demonstrate that they were treated less favorably than a co-employee who was similarly situated based on the elements cited above. *Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 276 (S.D.N.Y. 2024) (internal citation and quotation marks omitted). When the plaintiff establishes, as he did here, that a co-worker was similarly-situated and treated differently from Plaintiff, "the NYCHRL requires a jury to evaluate the impact of potentially retaliatory conduct." *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 851 (S.D.N.Y. 2013). The Court also finds that the proffered employee witness statements are admissible evidence. Thus, Judge Aaron properly relied on them to determine that a reasonable jury could find that Verizon's "zero-tolerance" policy was applied differently based on race and race played some role in Plaintiff's termination. While it is true that to "satisfy Rule 56(e), affidavits must be based upon 'concrete particulars,' [and] not conclusory allegations," the affidavits at issue here are not conclusory nor speculative. *Schwapp v. Town of Avon*, 118 F.3d 106, 111 (2d Cir. 1997). Instead, the affidavits specifically identify where, when, and who heard the use of a racial slur or other derogatory terms. *See* ECF Nos. 113 ¶ 6; ECF No. 114 ¶ 3, ECF No. 115 ¶ 3; ECF No. 116 ¶ 5.

The affidavits here, made on personal knowledge, are sufficiently detailed to allow the court to rely on the affidavits in its decision to advance Plaintiff's NYSHRL claim. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *Cf. Dickerson v. Health Mgmt. Corp. of Am.*, 800 N.Y.S.2d 391, 394 (1st Dep't 2005) (finding at summary judgment, that former employees "affidavits lack[ed] probative value because they fail[ed] to assert facts from . . . personal knowledge").

      For the foregoing reasons, the Court finds Verizon's objections to be without merit. Additionally, with respect to Judge Aaron's recommendation that the Court grant the Union's motion and deny Plaintiff's motion, the Court has reviewed the briefing and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Because Plaintiff failed to offer facts demonstrating that the Union's decision not to pursue arbitration on his behalf was irrational or discriminatory, there is no genuine issue of material fact. Accordingly, Plaintiff's hybrid Section 301/duty of fair representation claim must fail. For the reasons discussed herein, the Report and Recommendation is ADOPTED in its entirety.

      Because the Court dismisses the only claims over which it has original jurisdiction, it is inclined to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim arising under NYSHRL. *See* 28 U.S.C. § 1367(c); *Kelsey v. City of New York*, 306 F. App'x 700, 703 (2d Cir. 2009) ("[T]he Second Circuit has held that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d

Cir. 2003). Nonetheless, the parties should be provided with notice and an opportunity to be heard on the issue. *See Catzin v. Thank You & Good Luck Corp.*, 899 F. 3d 77, 82 (2d Cir. 2018). Accordingly, the parties are hereby ORDERED to submit a joint letter, setting out the parties' respective positions regarding whether the Court should, in its discretion, exercise supplemental jurisdiction over Plaintiff's remaining NYSHRL claim by no later than **October 7, 2025**. Each party is allotted 750 words to set forth their position. Failure to comply with the Court's order will result in the Court *sua sponte* declining to exercise supplemental jurisdiction over the remaining NYSHRL claim. The Clerk of Court is respectfully directed to terminate ECF Nos. 84, 89, and 95.

SO ORDERED.

Dated: September 23, 2025
New York, New York

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge