UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER KELLY,

                    Plaintiff,

            -against-

VERIZON NEW YORK, INC.,

                   Defendant.

22-CV-10923 (JGLC)

**<u>ORDER</u>**

JESSICA G. L. CLARKE, United States District Judge:

On December 27, 2022, Plaintiff Peter Kelly initiated this employment discrimination action in this Court. ECF No. 1. On April 21, 2023, Plaintiff filed his operative Amended Complaint, which alleged that this Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185. ECF No. 22 ¶ 2.

On September 23, 2025, this Court adopted Magistrate Judge Aaron's Report and Recommendation, granting former Defendant Communications Workers of America, AFL-CIO's Motion for Summary Judgment, and granting in part and denying in part Defendant Verizon New York, Inc.'s ("Verizon's") Motion for Summary Judgment. ECF No. 146. In doing this, the Court dismissed all claims over which it had original jurisdiction, leaving a state law claim brought under the New York State Human Rights Law ("NYSHRL"), as Plaintiff's sole, remaining claim. *Id.* at 5.

On January 9, 2026, Plaintiff and Verizon jointly submitted a letter setting forth their stances on whether this Court should decline to exercise supplemental jurisdiction over Plaintiff's NYSHRL claim. ECF No. 151. Plaintiff requests that this Court retain jurisdiction,

while Verizon requests that the Court decline supplemental jurisdiction and dismiss the action in its entirety. *Id.* For the reasons stated below, the Court grants Verizon's request and declines to exercise supplemental jurisdiction in this action.

Under 28 U.S.C. § 1367(a), a "federal court has supplemental jurisdiction over state-law claims sharing a 'common nucleus of operative fact' with the federal-law ones." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 31 (2025) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). However, supplemental jurisdiction "is in some measure discretionary." *Royal Canin*, 604 U.S. at 31. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction" if (1) the supplemental claim "raises a novel or complex issue of State law"; (2) the supplemental claim "substantially predominates" over the claims within the Court's original jurisdiction; (3) "the district court has dismissed all claims over which it has original jurisdiction," and (4) "in exceptional circumstances" for "other compelling reasons." Here, Section 1367(c)(3) applies, as the Court has dismissed all claims over which it had original jurisdiction. Therefore, in this case, "federal law is not where the real action is" and "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (*and indeed, ordinarily should*) kick the case to state court." *Royal Canin*, 604 U.S. at 32 (emphasis added).

"[W]here at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values . . . [of] economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004). Here, Plaintiff argues that all of these factors weigh in favor of retaining supplemental jurisdiction, considering that discovery is complete and the case has proceeded through summary judgment. ECF No. 151 at 1–2. Plaintiff

2

conclusorily asserts that "it would take at least three years after re-filing for Plaintiff to get to trial, versus a few months if the Court chooses to see this case through." ECF No. 151 at 2. However, Plaintiff includes no explanation for his estimate that it would take three years to get to trial in state court. *See Vuona v. Merrill Lynch & Co.*, 919 F. Supp. 2d 359, 394 (S.D.N.Y. 2013) ("The extensive discovery already taken is likely sufficient to enable [the p]laintiffs' NYCHRL claims to be evaluated in state court without any additional discovery.")

Meanwhile, Verizon notes that no trial date has yet been set in this matter, and additionally argues that NYSHRL claims are "best left to the New York State courts," considering the divergence in the federal and state employment discrimination standards. ECF No. 151 at 3–4 (quoting *Green v. Gen. Motors*, No. 20-CV-1797 (LJV) (HKS), 2023 WL 3541265, at *8 (W.D.N.Y. May 18, 2023) (declining to exercise supplemental jurisdiction over an NYSHRL claim, because "the parties already have conducted discovery[], so [the plaintiff's] NYSHRL claim likely can be efficiently resolved in state court should she seek to pursue it there").

The Court agrees with Verizon. Considering that NYSHRL claims are evaluated under a different standard than federal employment discrimination claims, comity weighs heavily in favor of dismissal. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties[.] . . . Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

Additionally, Plaintiff's argument that the stage of litigation weighs in favor of retaining supplemental jurisdiction fails. "[C]ourts commonly decline to exercise supplemental jurisdiction

at this stage—after entering summary judgment on all federal claims." *Ebel v. G/O Media, Inc.*,

No. 20-CV-7483 (PAE), 2022 WL 2359245, at *29 (S.D.N.Y. June 30, 2022).

> While this case has progressed through summary judgment, "[t]he extensive discovery already taken is likely sufficient to enable Plaintiff['s] [state] claims to be evaluated in state court without any additional discovery, and Plaintiff[ ] would not be prejudiced by dismissal since New York's C.P.L.R. § 205 allows a plaintiff to recommence a dismissed suit within six months without regard to the statute of limitations."

*Pasquarello v. Crothall Healthcare, Inc.*, No. 21-CV-08732 (JLR), 2023 WL 5714165, at *12

(S.D.N.Y. Sept. 5, 2023) (quoting *Vuona v. Merrill Lynch & Co.*, 919 F. Supp. 2d 359, 394

(S.D.N.Y. 2013)).

Therefore, the Court GRANTS Verizon's request and declines to exercise supplemental

jurisdiction over the remaining state law claim in this action. Plaintiff's request to retain

supplemental jurisdiction in DENIED. Accordingly, the Court DISMISSES this action without

prejudice. The Clerk of Court is directed to close this case.

Dated: February 6, 2026
      White Plains, New York

SO ORDERED.

_____

JESSICA G. L. CLARKE
United States District Judge